UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTEZ JOHNSON, | ) | CASE NO. 4:12cv1668 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| K. HOOPER, et al, | ) | AND ORDER |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Dontez Johnson ("plaintiff" filed this *Bivens*[1] action against the

Terre Haute United States Penitentiary ("USP Terre Haute") Trust Fund Supervisor Mrs. K.

Hooper, USP Terre Haute Warden Charles Lockett, USP Terre Haute Captain T. Watson, USP

Deputy Captain C. Romaine, Butner Federal Medical Center ("FMC Butner") Warden Angela

Dunbar, FMC Butner Unit Manager D. Willis, and FMC Butner Counselor Ms. Lassiter. In

complaint, the plaintiff alleges he is unable to obtain funds from his prison trust account. He

seeks monetary and injunctive relief.

## I.  BACKGROUND

The plaintiff, who is currently incarcerated in USP Terre Haute, contends he is

unable to access the funds in his prison trust account.. Prior to his transfer to USP Terre Haute,

he was incarcerated at FMC Butner, in North Carolina. He indicates that officials at FMC Butner

and USP Terre Haute have denied him the ability to use monies deposited in his prison trust

account to make purchases. He claims he is unable to buy basic hygiene items or pay court costs.

He indicates he is currently in protective custody at USP Terre Haute, which limits his access to

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

the law library and legal materials. He states that he borrowed an envelope from his cellmate to mail the complaint. He indicates he cannot buy medications and other "basic items." He further claims he is being denied access to the courts, and asks the Court to order the prison to release his trust account.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff

### III. ANALYSIS

As an initial matter, the Northern District of Ohio is not the proper venue for this action. Review of the complaint indicates the specific events and omissions of which the plaintiff complains occurred in Indiana and North Carolina. Furthermore, all of the defendants appear to reside in Indiana and North Carolina. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any Defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants reside in the State of Ohio and the events described in this action occurred in Indiana and North Carolina, this Court is not the proper venue to assert these claims.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and that dismissal is appropriate.

The only legal claim the plaintiff asserts in his complaint is one for denial of access to the courts. He asserts that because his account is frozen, he is unable to purchase the envelopes, paper, and stamps he requires to file motions and legal actions. In addition, he claims

3

he is in protective custody and has no access to the law library, which makes it difficult for him to conduct research.

To state a claim for denial of access to the courts, the plaintiff must allege particular actions of the defendants that prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by the defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint . . . ." *Christopher*, 536 U.S. at 415.

Here, the plaintiff alleges only in general terms that the law library in the prison is inadequate and he cannot purchase supplies needed to draft and mail legal actions. These allegations are insufficient to state a claim. An inmate cannot establish an actual injury simply by stating his prison's law library or legal assistance program is sub-par in some theoretical sense, nor can he state a claim by alleging in general terms that a prison's policy makes it difficult for him to litigate. *Lewis*, 518 U.S. at 351. The inmate must go one-step further and demonstrate that the alleged shortcomings in the library or prison policy hindered his efforts to pursue an actual non-frivolous legal claim in his direct appeal, habeas petition or civil rights action. *Id.* at 353. The plaintiff has not alleged that defendants prevented him from pursuing a particular non-

4

frivolous action or caused a pending action to be dismissed. Accordingly, his claim for denial of access to the courts must be dismissed.

## IV.  CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 29, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**